UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-14066-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHESLEY KING,

    Defendant.
_____/

FILED by ___ D.C.
JAN 23 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSIONS TO VIOLATIONS NUMBERS 1 AND 2 AS SET FORTH IN THE SUPERSEDING PETITION FOR VIOLATIONS OF SUPERVISED RELEASE [D.E. #120]

**THIS CAUSE** having come on to be heard for an evidentiary hearing on January 23, 2014, in respect to the pending Superseding Petition Alleging Violations Of Supervised Release and this Court having conducted a hearing wherein the Defendant advised this Court that he wished to admit Violations Numbers 1 and 2, and the government is recommending dismissal of Violations Numbers 3, 4 and 5, this Court recommends to the District Court as follows:

    1.    The Defendant appeared before this Court on January 23, 2014, for an evidentiary hearing in respect to the Superseding Petition Alleging Violations Of Supervised Release alleging the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. From July 31, 2010 through October 1, 2010, in Saint Lucie County, Florida, the defendant did commit the offense of failure of sex offender to provide e-mail address or instant messaging name to The Florida Department of Law Enforcement, contrary to Florida Statute 943.0435. |

1

| | |
|---|---|
| **Violation Number 2** | **Violation of Special Condition**, by possessing or using a computer with access to any on-line computer service at any location (including employment), without the prior approval of the U.S. Probation Officer, including any Internet service provider, bulletin board system, or any other public or private computer network. On or before August 16, 2010, the defendant did access True.com, an internet dating service, evidenced by e-mails from the True.com website and was using chesley_king@yahoo.com as an e-mail address and King 222 as the screen name, without the prior approval of the U.S. Probation Officer. |
| **Violation Number 3** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about May 13, 2011, in Saint Lucie County, Florida, the defendant did commit the offense of possession of cocaine with intent to sell within 1000 feet of the Housing Authority, contrary to Florida Statute 893.13. |
| **Violation Number 4** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about May 13, 2011, in Saint Lucie County, Florida, the defendant did commit the offense of manufacturing crack cocaine, contrary to Florida Statute 893.13. |
| **Violation Number 5** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about May 13, 2011, in Saint Lucie County, Florida, the defendant did commit the offense of possession of marijuana under 20 grams, contrary to Florida Statute 893.13. |

2. At the evidentiary hearing, the government dismissed Violations Numbers 3, 4 and 5 of the Superseding Petition on the record.

3. On May 11, 2011, this Court conducted a hearing at which time the Defendant admitted two violations set forth in a previous Petition Alleging Violations of

Supervised Release [D.E. #97]. At that time this Court issued its Report and Recommendation dated May 11, 2011 referencing the fact that the Defendant had admitted the two violations from that previous Petition. This Court points out for the District Court that the two violations the Defendant admitted from the previous Petition are the same conduct which are now set forth in Violations Numbers 1 and 2 of the Superseding Petition. For the purposes of clarity, this Court proceeded with having the Defendant admit Violations Numbers 1 and 2 of the Superseding Petition to make certain he continued to admit that conduct and that this matter can proceed to a final sentencing hearing.

4.  After this Court entered its Report and Recommendation on May 11, 2011, the Defendant was arrested on unrelated state charges. Those state charges have recently been resolved in the past seven days in state court in St. Lucie County. Those charges were resolved in the Defendant's favor by way of a not guilty verdict. Therefore, the government has moved to dismiss Violations Numbers 3, 4, and 5 of the Superseding Petition which relate to that previous state conduct.

5.  Before the District Court could conduct a sentencing hearing on this Court's previous Report and Recommendation of May 11, 2011, the Defendant had been arrested on those state charges. Therefore, a sentencing hearing did not proceed in respect to his previous admissions to the same conduct which were set forth in the original Petition [D.E. #97]. This brings us now to the Defendant's admissions to that same conduct which are now contained within Violations Numbers 1 and 2 of the Superseding Petition [D.E. #120].

6.  After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violations Numbers 1 and 2 set forth in the Superseding Petition. This Court questioned the Defendant and made certain that he understood his rights in

3

regards to an evidentiary hearing in respect to the alleged violations. Further, the Defendant acknowledged that he understood his rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter. This Court reviewed with the Defendant the maximum possible sentences as announced by the government which the Defendant was facing and the Defendant stated that he understood those penalties.

7.   The parties all agreed that there is a sufficient factual basis set forth within each violation itself to support the Defendant's admissions to those two Violations Numbers 1 and 2. In addition, this Court had previously conducted a preliminary hearing which included evidence concerning the conduct which the Defendant now admits in Violations Numbers 1 and 2 of the Superseding Petition. This Court's Order Finding Probable Cause At Preliminary Hearing [D.E. #106] is dated April 14, 2011. Both counsel for the government and counsel for the Defendant and the Defendant all agreed that this Court could incorporate its findings in that Order to serve as an additional factual basis to support the Defendant's admissions to Violations Numbers 1 and 2 of the Superseding Petition if the District Court felt that was necessary.

**ACCORDINGLY**, based upon the Defendant's admission to Violations Numbers 1 and 2 under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violations Numbers 1 and 2 as set forth in the Superseding Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L.

Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _____ day of January, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
AUSA Russell Killinger
AFPD Fletcher Peacock
U. S. Probation
U. S. Marshal